UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>        Plaintiff,<br><br>    v.<br><br>SECRETARY OF DEP'T OF CORRECTIONS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO.   1:10-cv-1423-LJO-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF OF ORDER PURSUANT TO FRCP RULE 60(b)(1) and (6) DUE TO COURT ERROR<br><br>(ECF No. 5) |

        Plaintiff Bryan Ransom ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 11, 2010, the Court reviewed Plaintiff's litigation history and found that the following cases were previously dismissed for failure to state a claim: Ransom v. Doe, 96-cv-8204-RSWL (C.D. Cal.)(dismissed for failure to state a claim on December 6, 1996); Ransom v. Chief Williams, 96-cv-8203-MRP (C.D. Cal.)(dismissed for failure to state a claim on December 10, 1996); and Ransom v. Sandoval, 01-cv-513-JM(JAH) (S.D. Cal.)(dismissed for failure to state a claim on January 10, 2002).  Based on these dismissals, the Court found that Plaintiff had "3-strikes" and was therefore precluded from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g).  (ECF No. 4.)

        Before the Court is Plaintiff's Motion for Relief of Order, Pursuant to FRCP Rule 60(b)(1) and (6) Due to Court Error.  (ECF No. 5.)  Plaintiff argues that two of the cases cited by the Court— Ransom v. Doe, 96-cv-8204-RSWL (C.D. Cal.) and Ransom v. Chief Williams, 96-cv-8203-MRP (C.D. Cal.)—should not be counted as strikes because those cases were dismissed without prejudice

based on Heck v. Humphrey, 512 U.S. 477 (1994) and that dismissals based on Heck do not count as strikes.[1]

Plaintiff has previously put forth this exact argument in another case before this Court and it was rejected. In Ransom v. Westphal, 2010 WL 1494557 (E.D. Cal. April 14, 2010), Plaintiff argued that the same two cases were not strikes for purposes of 28 U.S.C. § 1915(g). The Court reviewed the opinions issued in Ransom v. Doe and Ransom v. Chief Williams and found that they were dismissed based on Heck due to the "lack of a cognizable legal theory." Westphal, 2010 WL 1494557, *3. The Court reviewed the relevant case law and held that dismissals under Heck were dismissals for failure to state a claim pursuant to Rule 12(b)(6) rather than dismissals for lack of jurisdiction pursuant to Rules 12(b)(1) or 12(b)(2). This Court specifically found that the two cases at issue here counted as strikes for purposes of 28 U.S.C. § 1915(g). Id.

The Court agrees with the reasoning set forth in Ransom v. Westphal. The Court therefore finds that Ransom v. Doe and Ransom v. Chief Williams count as "strikes" for purposes of 28 U.S.C. § 1915(g) and render Plaintiff ineligible to proceed in forma pauperis absent a showing that he is in imminent danger of serious physical harm. There is no such showing in this case.

Accordingly, Plaintiff's Motion for Relief of Order, Pursuant to FRCP Rule 60(b)(1) and (6) Due to Court Error is DENIED. As previously ordered, Plaintiff must pay the $350.00 filing fee in full by **September 15, 2010** or this action will be dismissed without prejudice.

IT IS SO ORDERED.

**Dated:   August 26, 2010**                         /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff does not dispute that Ransom v. Sandoval is a strike for purposes of 28 U.S.C. § 1915(g).