# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN A. RANSOM,<br><br>  Plaintiff,<br><br>  v.<br><br>SECRETARY OF DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>  Defendants.<br>_____ / | CASE NO.  1:10-cv-1423-LJO-MJS (PC)<br><br>ORDER DENYING MOTION TO RECONSIDER<br><br>(ECF No. 17) |

Plaintiff Bryan Ransom ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 11, 2010, the Court found, pursuant to 28 U.S.C. § 1915(g), that Plaintiff's litigation history was such as that he would be permitted to proceed in forma pauperis only if his Complaint alleged he was in imminent danger of serious physical injury. (ECF No. 4.)  Because Plaintiff's Complaint did not contain allegations sufficient to satisfy the imminent danger exception, the Court ordered Plaintiff to pay the full filing fee as a prerequisite to pursuing litigation. (Id.)

Rather than paying the filing fee, Plaintiff submitted an amended complaint. (ECF No. 8.)  The Court reviewed the Amended Complaint and found that it also failed to allege facts showing that Plaintiff was in imminent danger of serious physical injury. (ECF No. 15.)  Because Plaintiff was not entitled to proceed in forma pauperis and had not paid the filing fee, the Court dismissed this action without prejudice. (Id.)

Before the Court is Plaintiff's Motion to Reconsider in which Plaintiff argues that the Amended Complaint sufficiently alleged that he was in imminent danger of serious physical injury. (ECF No. 17.)

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff moves for reconsideration because he disagrees with the Court's determination that his Amended Complaint did not allege facts showing he was in imminent danger of serious physical injury. Plaintiff has not shown clear error or other meritorious grounds for relief. He has not met his burden as the party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880. Plaintiff's disagreement with the Court's ruling is not sufficient grounds for relief from the order. Westlands Water Dist., 134 F.Supp.2d at 1131.

Accordingly, Plaintiff's Motion for Reconsideration is DENIED with prejudice.

IT IS SO ORDERED.

Dated:   December 10, 2010            /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE